company without preferences, and as such was permissible, under section 48. Croll v. Knitting Co., 17 App. Div. 282, 45 N. Y. Supp. 680. The assignment would have been valid even if the company had been insolvent, and had failed to pay its notes or other obligations; for, even under those circumstances, I do not think that an assignment for the benefit of creditors to a director is forbidden by section 48. The evil to be obviated by that section was the giving of a preference by an insolvent corporation to its officers, directors, and stockholders who should become aware of the insolvency before that fact could become known to the general public. It was feared that in such a case they would be likely to devote the property of the corporation to the payment of their own debts, and thereby leave nothing for the other creditors who did not know of its condition. The transfer of any of its property to any officer, director, or stockholder, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash, was prohibited, because such a transfer by an insolvent corporation would permit the transferee to receive the property of the corporation for his debt, and thereby obtain a preference over the other creditors. But beyond that there was no reason for the prohibition. Many reasons can be seen why, because of his acquaintance and knowledge with the affairs of the company, it might be more desirable to make an assignment to a director or officer than to any one else; and certainly such a transfer could work no injury to the corporation nor to any of its creditors. The duty of an assignee is imposed upon him by the statute and by the assignment; and there can be no presumption that one who is a stockholder or an officer would not be just as careful in the performance of those duties to protect the rights of a creditor as any one else. The statute has, I think, a sufficiently broad construction when it is held to forbid the transfer to any officer, director, or stockholder of the property of the corporation under the circumstances enumerated in the statute by way of giving him a preference of his debt; and not to forbid a transfer when its object is an assignment for the benefit of the creditors, and to surrender all its property in payment of all its debts. The question whether such an assignment was valid was considered in the case of Linderman v. Paper Co., 38 App. Div. 488, 56 N. Y. Supp. 456. Although the conclusion reached by the special term in that case is not precisely in point, yet its reasoning is perfectly satisfactory; and we concur in holding, as was held by the special term, that such an assignment is not invalid. For this reason, also, the conclusion of the court below was correct, and the judgment should be affirmed, with costs. All concur; INGRAHAM, J., on first ground.

---

### UHL v. KOHLMAN et al.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

ATTORNEY AND CLIENT—LIABILITY FOR FUNDS WRONGFULLY OBTAINED.

. Where an attorney for a party interested in a decedent's estate, which has been partitioned, and such interest deposited in court, within three years from the grant of administration on decedent's estate, and on application not in compliance with Code Civ. Proc. § 1538, providing for such

application after the expiration of three years from the grant of administration on compliance with certain conditions, obtains an order for the payment to him of such interest, he may be charged, as well as his client, with its restoration; his action in obtaining the fund being a fraud on the court.

Appeal from special term, New York county.

Action by Annie Uhl against Charlotte Kohlman and others for a partition of realty. From an order vacating an order directing the chamberlain of the city of New York to pay over certain moneys to one Annie Heiser or her attorney, and that they forthwith pay to such chamberlain a certain amount, with interest, and $10 costs and disbursements, August P. Wagener appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and INGRAHAM, JJ.

August P. Wagener, in pro. per.
William O. Campbell, for respondent.

HATCH, J. No case which has been called to our attention more strikingly illustrates, than does the present one, the absolute necessity of notice to all interested in the disposition of money in court, and to all who have appeared in the action in which such money was deposited, and ordering a reference to take proof of the facts upon an application to the court for the payment of money which it held in custody. In no case should an order for the payment of money be made unless the court takes proof of all the facts which the application presents, or otherwise informs itself by the report of a referee. Had either course been adopted in this case, in all human probability the money paid out would have been saved to the persons entitled thereto. Neither courts, attorneys, nor custodians, when dealing with funds belonging to the wards of the court, have any excuse to make an application for final disposition of such funds until the basis of such application and disposition has been in every respect in compliance with the law, and founded upon facts which have been proved with all possible certainty. When this rule shall obtain, as the law requires it shall, cases of the character now before us will become almost impossible. The most that this court can do in this case is to hold each person responsible, so far as the law permits, for the fund which has been improvidently paid out.

The facts of the present case show that an action of partition had been commenced, which proceeded to final judgment, on April 26, 1897. The premises which were the subject of the partition having been sold, it was found that one Minnie Heiser was entitled to one-third of the proceeds of the property. She, being dead, was not a party defendant to the action. This share, amounting to $4,729.46, was by final judgment directed to be paid to the chamberlain of the city of New York, to the credit of the action. Annie Heiser, whose maiden name was Simon, was a party defendant in the action; she being entitled to take, together with others, as heirs of Minnie Heiser. She was then an infant. Herman Heiser, another defendant in the action, was appointed her guardian ad

litem; and the attorney, Wagener, in this proceeding appeared as the attorney for Herman Heiser, as such guardian, and interposed the usual infant's answer in partition. Of the estate of Minnie Heiser, Sebina Simon, Harry Simon, and Annie Heiser, née Simon, took $3/27$ of such fund in equal shares. Annie Uhl and Charlotte Kohlman took $12/27$ each of such fund. An administrator was appointed of the estate of Minnie Heiser, and under the law, after such appointment, the fund could not be distributed for a period of three years, except in a particular case. Code Civ. Proc. § 1538. This time did not expire until the 9th day of December, 1899. Annie Heiser became 21 years of age on May 19, 1898. On the 11th day of August of that year, Wagener, as attorney for Annie, presented to the supreme court an affidavit of the said Annie Heiser, his own, and a certificate of the chamberlain showing the amount of the fund to the credit of Annie Heiser to be $1,576.47. In fact, her interest was but $520.15. Upon these affidavits and the certificate, the attorney, Wagener, moved for and obtained an order directing the chamberlain to pay to him or to Annie Heiser such sum, $1,576.47; and upon the presentation of such order, duly countersigned, a check for the amount was delivered to the attorney for Annie. A more improvident order could scarcely be applied for by an attorney. By the express provision of the Code, the judgment required that the money should only be paid to a party entitled thereto. While it is quite true that Sup. Ct. Rule 69 authorizes payment to the person or persons entitled thereto, or to his or to their attorney, yet such rule has no application where the express provision of the Code requires that the judgment shall direct payment directly to the party entitled, as in the present case, and where the judgment presumably complies with such provision. The language of the Code of Civil Procedure (section 2751) does not change such rule, as it creates no limitation whatever upon the express requirement of section 1538. Of this fact the attorney was not only presumptively charged with knowledge, which is sufficient, but it must be assumed that he had actual knowledge of the terms of the judgment, as he was attorney representing the guardian of Annie Heiser in the action of partition; and, if he did not know of the terms of the judgment and the requirements of the act, he was guilty of dereliction of duty in that regard; and if he did, as we must presume, he knew that he had no right to receive this money, and the court no authority to direct this payment to him. But, in addition to this, we have already observed that three years must elapse after the appointment of the administrator before application can be legally made, and then it is hedged about with such conditions as to make it impossible to defraud any person, if such provision be observed with fidelity. Before the application can be made, there must be a certificate of the surrogate of the county where the decedent died, showing that the three years have elapsed since the issuing of letters of administration upon the estate, and that no proceeding for the mortgage, lease, or sale of the real property of the decedent, after the payment of the debts and funeral expenses, is pending. There must also be a certificate of the county

clerk, where the real property was sold by virtue of the interlocutory judgment, showing that the notice for which provision is made in section 2751 of the Code of Civil Procedure has been filed in his office. After making proof of these facts, and compliance being had with the other provisions of law, showing that the person is otherwise entitled, the court is authorized to make the order. If at any time application is made prior to this time, notice must be given to the executor or administrator of the decedent, but any order directing the payment over of the money under such circumstances shall not be given until a bond is furnished for the repayment of the money in case it is required. It is not even pretended that compliance was had with any of these provisions of law. On the contrary, the attorney marched into court, merely marshaling his two affidavits and the certificate of the chamberlain. The result is that Annie Heiser now has $1,056.32 to which she has not even the shadow of a claim; and this result has been reached by an affidavit false in fact, presented by an attorney who not only had knowledge of the facts, but was chargeable with knowledge of the law. It is therefore clear that such acts operated to perpetrate a fraud upon the court, and the money was, in every sense, fraudulently obtained. When the time arrived when the other persons interested in the fund could make application for its payment over, they discovered that the rape of the fund had been accomplished by illegal means. Nothing more is needed to be said to show that the orders below properly charged the attorney, as well as Annie Heiser, with the restoration of this money. But the case itself should serve as a warning, and, as attention is thus sharply called to it, it is to be hoped that this improvident disposition of trust funds may in the future be prevented.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.